IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11 C 7498 |
| CONSTRUCTION BUILDERS IN MOTION, INC., *et al.* | ) ) ) | Judge Virginia M. Kendall |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hartford Casualty Insurance Company ("Hartford") sued a number of contractors and their insurance companies to sort out an insurance coverage dispute arising from allegedly shoddy construction of a home in Chicago. Broadly, Hartford alleges that it has no duty to defend its insured, a subcontractor on the project, or the general contractor, an additional insured on the policy issued to the subcontractor. Hartford also sued a series of fellow insurance companies who either insured the general contractor directly or had the contractor listed as an additional insured on policies they issued to subcontractors. As to those insurance companies, Hartford asserts that if it owes a duty to defend the general contractor, those other insurance companies do too and any defense or indemnity costs should be divided up between all the insurers. Two of those insurance companies, Rockford Mutual Insurance Company ("Rockford") and Pekin Insurance Company ("Pekin"), moved to dismiss Hartford's claims against them in favor of two state declaratory judgment actions they filed, asserting that this Court should abstain from hearing Hartford's claims against them or at least stay them until the state court rules on the coverage issues. For the following reasons, the Court denies Rockford and Pekin's motion (Doc. 13).

**I.   BACKGROUND**

This case arises from alleged faulty HVAC and construction work on a new house built in the Lincoln Park neighborhood of Chicago. (*See* Doc. 13-2, underlying complaint.) In the operative underlying complaint filed April 3, 2009, the owner of that house sued Jay Kaiser, a contractor, and his construction and design firms (collectively, "Kaiser") in the Circuit Court of Cook County, alleging breach of contract because Kaiser, among other things, failed to design for and install sufficient heating and cooling systems in the house and put in defective carpentry. As part of that action, Kaiser filed a third party complaint against Pawel & Son Construction Inc. ("Pawel"), a masonry subcontractor, asserting that Pawel's work was faulty. (*See* Doc. 13-1.) Kaiser also filed a third party complaint against Construction Builders in Motion, Inc. ("Construction"), the carpentry subcontractor on the project. Rockford is Pawel's insurer, and Kaiser is listed on the policy as an "additional insured." Hartford is Construction's insurer. In July 2010, Rockford filed a complaint for declaratory judgment, also in Cook County, asserting that for various reasons it has no duty to defend or indemnify Pawel or its additional issured Kaiser in the underlying action. (*Id.*) Pekin also filed a declaratory judgment action in state court, asserting in its most recent complaint that it has no duty to defend or indemnify drywall subcontractor Manuel Contractors, Ltd. ("Manuel"), its insured, or Kaiser as an additional insured. (*See* Doc. 52-1.)

In October 2011, Hartford filed this action against Construction[1], Kaiser, Nautilus Insurance Company ("Nautilus"), United Fire & Casualty Company ("United Fire"), Rockford and Pekin. In the instant complaint, Hartford alleges that it is Construction's insurer and that Kaiser tendered its defense to its insurance company as well as the insurance companies for various subcontractors that

---

[1] Defendant Tadeusz Kocanda is Construction's principal.

had named Kaiser as an additional insured: (1) Nautilus under a policy issued to Kaiser; (2) Pekin under the policy issued to Manuel; (3) Rockford under a policy issued to Pawel; and (4) United Fire under a policy issued to Henry Smid Plumbing & Heating, Inc. ("Smid"), an HVAC subcontractor. The following chart summarizes the insured, their insurers, and the additional insureds:

| **Insurer** | **Insured** | **Additional Insureds** |
|---|---|---|
| Nautilus | Kaiser (general contractor) | n/a |
| Hartford | Construction (carpentry) | Kaiser |
| Rockford | Pawel (masonry) | Kaiser |
| Pekin | Manuel (drywall) | Kaiser |
| United Fire | Smid (HVAC) | Kaiser |

Hartford's complaint has four counts. Counts I and II seek declaratory judgment against Construction that Hartford has no duty to defend or indemnify Construction and Kaiser, respectively, in the underlying action. Count III, labeled an "alternative claim," seeks declaratory judgment that, if the Court determines Hartford must defend or indemnify Kaiser, then Nautilus, Pekin, Rockford and United Fire must too, and the defense must be allocated between those insurers. Count IV, also "alternative," seeks contribution from Nautilus, Pekin, Rockford and United Fire in the event that Hartford must defend or indemnify Kaiser.

## II. DISCUSSION

Under the Declaratory Judgment Act, "in a case of actual controversy within its jurisdiction . . . any court of the United Sates . . . may declare the rights and other legal relations of any interested party such declaration." 28 U.S.C. § 2201(a). As implied by the word "may" in the statute, district courts have the discretion to hear suits for declaratory judgment; the act "place[s] a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of

3

relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "The discretionary nature of the Act led the Supreme Court to hold . . . that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in their sound discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (citing *Wilton*, 515 U.S. at 288 and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)). The Court considers the following factors in its decision to abstain from hearing a declaratory judgment action:

> [w]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum."

*Med.Assurance Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995)). Though abstention is not limited to instances where a "parallel" state proceeding is on-going, "the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision*, 604 F.3d at 986 (describing the "classic" case of *Wilton/Brillhart* abstention to be where solely declaratory relief is sought and the exact same parties and issues are pending in the state court); *see also Sta-Rite Indus. v. Allstate Ins. Co.,* 96 F.3d 281, 287 (7th Cir. 1996) (finding one factor supporting a decision to stay an action is the existence of adequate parallel proceedings). The question of whether two cases are "parallel" is "focused on whether there is a substantial likelihood that the state court litigation will dispose of all the claims presented in the federal case." *Envision*, 604 F.3d at 987 (internal citation and quotation omitted).

4

Applying these principles to the instant case, the Court notes that the underlying complaint alleges a number of construction defects with the Chicago house. Kaiser as general contractor has brought a number of subcontractors into that suit, and those subcontractors named Kaiser as additional insured on their policies. In other words, if the Court finds a duty to defend or indemnify, this may be an instance where multiple parties are responsible for the homeowner's damages, putting several different insurers ultimately on the hook, either through their own insured or through Kaiser. While this case includes some of the parties and issues that will be decided in the state court actions, at best the state cases will resolve the coverage dispute as to one or two of the insurers, leaving this case to decide remaining issues of contribution or allocation, as well as any issues of coverage as to the insurers who have not brought a state declaratory action. In short, this case is not parallel to the state court case and this litigation, not a web of state court cases[2], will be the best way to sort out coverage obligations and, if necessary, apportion defense costs and damages.

Rockford and Pekin also argue that they should not have to incur the costs of litigating in both state and federal court. As an initial matter, they do not have to litigate in both: they are defendants here and could dismiss their state court actions and join any defendants from their state court cases that are not already here without compromising the Court's subject matter jurisdiction.[3] *See* 28 U.S.C. § 1367(a), (b) (federal court has power to hear supplemental claims that are part of the "same case or controversy," including claims that "involve the joinder . . . of additional parties."); *REP MCR Realty, L.L.C. v. Lynch*, 200 Fed. Appx. 592, 593 (7th Cir. 2006) ("because it

---

[2] The parties did not state whether the state declaratory judgment actions have been consolidated.

[3] For instance, Pekin sued Manuel, Kaiser, Construction, and Nancy Gidwitz, the homeowner, in its state court declaratory judgment action. It could bring Manuel and Gidwitz in via a third party complaint, and assert cross-claims against Kaiser and Construction.

5

was . . . the defendant, who impleaded the [third parties], the third-party claim (over which there was no independent diversity jurisdiction, as all were from Illinois) fell within the court's supplemental jurisdiction"); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 723-24, 726 n.3 (2d Cir. 2000) (making clear that a defendant may sue third party not diverse to it and not diverse to the original plaintiff)[4]; *HB Gen. Corp. v. Manchester Partners*, 95 F.3d 1185, 1198 (3d Cir. 1996) ("in a diversity action, the district court may exercise supplemental jurisdiction over a defendant's counterclaim against non-diverse parties joined as third party defendants to the counterclaims."); *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1240-41 (3d Cir. 1994) (joinder of "non-diverse counterclaim defendants does not destroy diversity jurisdiction . . . because there is complete diversity of citizenship between the original parties."); *Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7*, 125 F.3d 546, 551 (7th Cir. 1997) (citing *HB General* and *Texas Eastern* as examples of practice under 28 U.S.C. § 1367); *Aurora Loan Servs. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006) (federal jurisdiction generally determined as of the date of the complaint is filed).

Second, this is not a fact intensive case; it is an insurance coverage dispute that will likely be decided on summary judgment with no material factual disputes and very little, if any, discovery. *See Nat'l Casualty Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) (noting that under Illinois law the question of whether an insurer has a duty to defend is answered by comparing the allegations in the underlying complaint to the face of the insurance policy). Given that Rockford and Pekin will likely file similar papers in both cases, there is little burden on them in litigating in both courts if

---

[4] In *Viacom*, the plaintiff was a Delaware and New York resident, and the original defendant was a Florida resident. The Florida resident then sued a Delaware/New Jersey resident, which, in turn, sued a fellow Delaware/New Jersey resident.

they choose to do so. Further, if discovery is necessary, the Court will not permit any discovery that is duplicative of discovery taken in the state court case. For example, to the extent any depositions are necessary in this case, each witness will be deposed once, not once for the state case and a second time for the federal case. For the same reason, a stay is not appropriate here. Staying the claims as to Rockford and Pekin, but not the other defendants, will hamstring whatever minimal discovery that might be needed here and delay any potential rulings as to allocation of defense costs without a significant benefit to Rockford and Pekin.

### III. CONCLUSION

For the foregoing reasons, Rockford and Pekin's motion to dismiss or stay (Doc. 13) is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 28, 2012