IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 11 C 7498 |
| | ) |
| CONSTRUCTION BUILDERS IN MOTION, INC., TADEUSZ KOCANDA, KGP INC., KAISER DESIGN GROUP, LTD., JEAN KAISER as REPRESENTATIVE of the ESTATE of JAY KAISER, NAUTILUS INSURANCE COMPANY, PEKIN INSURANCE COMPANY, UNITED FIRE & CASUALTY, and ROCKFORD MUTUAL INSURANCE COMPANY, | ) Judge Virginia M. Kendall<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is an insurance coverage dispute regarding the policy's requirement to defend and indemnify the insured in an underlying case regarding the construction of a residence. Plaintiff Hartford Casualty Insurance Company ("Hartford") filed suit against various defendants, including: Construction Builders in Motion, Inc. and Tadeusz Kocanda (collectively "CBM"); KGP Inc., Kaiser Design Group, Ltd., Jean Kaiser, as representative of the Estate of Jay Kaiser (collectively "Kaiser"); and Pekin Insurance Company ("Pekin").

Hartford seeks declaratory judgment against CBM that Hartford is not obligated to defend or indemnify CBM with respect to a third-party complaint filed against it by Kaiser in an underlying lawsuit ("the Underlying Action") (Count I). Hartford also seeks declaratory judgment against Kaiser that Hartford is not obligated to defend or indemnify Kaiser in the Underlying Action (Count

II). In the event Hartford is obligated to defend or indemnify Kaiser with respect to the Underlying Action, Hartford seeks a declaration that Pekin, among others, is also obligated to defend and indemnify Kaiser (Count III), and contribute to Kaiser's defense (Count IV).

Pekin moves to dismiss counts III and IV of Hartford's Amended Complaint. For the reasons stated below, Pekin's Motion to Dismiss Counts III and IV is denied.

## STATEMENT OF FACTS

The following facts are taken from Hartford's Amended Complaint and are assumed to be true for the purposes of this Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.*, 353 F. 3d 516, 520 (7th Cir. 2003). All reasonable inferences are drawn in favor of Hartford, the non-moving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

Hartford issued six separate consecutive primary liability insurance policies ("the Hartford Policies") to CBM,[1] a carpentry subcontractor engaged on a single-family home construction project ("the Gidwitz Home") by Kaiser, the home's designer and builder (Am. Comp. ¶¶ 18–19.) Kaiser, which entered a contract with Nancy Gidwitz ("Gidwitz") to build the Gidwitz Home, is listed as an additional insured in the Hartford Policies. (*Id.* at ¶ 26.) Kaiser is also listed as an additional insured on a policy issued by Pekin ("the Pekin Policy") to Manuel Contractors, Ltd. ("Manuel"), a drywall subcontractor on the Gidwitz Home. (*Id.* at ¶ 30.)

---

[1] The policies name "Ted Kocanda DBA Construction In Motion." Hartford alleges that Construction Builders In Motion, Inc. is an entity controlled by Ted Kocanda. (Am. Comp. ¶ 19.)

Hartford's claims in this case arise from the Underlying Action, which alleges breach of contract, negligence, and fraud.[2] In the Underlying Action, Gidwitz alleges Kaiser breached contractual obligations to Gidwitz in connection with the design and construction of the Gidwitz Home.[3] (*Id.* at ¶ 14.) Kaiser tendered its defense of the Underlying Action to both Hartford and Pekin as an additional insured. (*Id.* at ¶¶ 25, 30.) Hartford agreed to participate in Kaiser's defense, subject to reservation, and has paid for Kaiser's fees and expenses incurred in the Underlying Action. (*Id.* at ¶ 26.) Pekin denied coverage, and commenced a declaratory judgment action in the Circuit Court of Cook County, Illinois, seeking a determination that it is not obligated to defend Kaiser in the Underlying Action. (*Id.* at ¶ 30.) Hartford was not joined as a party in that case. (*Id.*) After being sued by Gidwitz, Kaiser filed a third party complaint against CBM, among others, alleging that CBM is obligated to reimburse or indemnify Kaiser in the event Gidwitz prevails against it. (*Id.* at ¶ 16.)

In Counts I and II of its Amended Complaint, Hartford seeks declaratory judgment that it is not obligated to defend or indemnify CBM, or Kaiser as additional insureds. Counts III and IV of Hartford's Amended Complaint plead in the alternative. Count III seeks a declaration that if the Court determines Hartford is obligated to defend and indemnify Kaiser, then Pekin, among others, is also obligated to share in the defense and indemnity going forward. Count IV seeks a declaration that if Hartford must defend or indemnify Kaiser in the Underlying Action, then Pekin, among others, must contribute to that defense or indemnification.

---

[2] The Underlying Action is encaptioned, *Gidwitz v. KGP, Inc., et al.*, Circuit Court of Cook County, Illinois, No. 08 L 13157.

[3] Specifically, Gidwitz alleges that Kaiser's breaches caused delay in completion of the Gidwitz home, defects in the HVAC system, various defects in the garage walls, framing, drywall and finish carpentry, alignment of the ceilings, walls and cabinetry, defects in the design and installation of the coping and parapet, and defects in the design and installation of the hydronic heating system. (Complaint. ¶ 14.)

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To determine whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* When there are well-pleaded factual allegations, the Court assumes their veracity and determines if they plausibly give rise to an entitlement to relief. *Id.* at 679. A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

When exercising diversity jurisdiction, this Court applies the substantive law of the pertinent state – in this case, Illinois. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Prince v. Zazove*, 959 F.2d 1395, 1400–01 (7th Cir. 1992). The Court will apply Illinois state law as it would be applied by the Illinois Supreme Court. *Kaplan v. Pavalon & Gifford*, 12 F.3d 87, 89 (7th Cir. 1993); *Green v. J.C. Penney Auto. Ins. Co.*, 806 F.2d 759, 761 n.12 (7th Cir. 1986).

**DISCUSSION**

In Illinois, "[c]ontribution as it pertains to insurance law is an equitable principle arising among co-insurers which permits one insurer who has paid the entire loss, or greater than its share

of the loss, to be reimbursed from other insurers who are liable for the same loss." *Home Ins. Co. v. Cincinnati Ins. Co.*, 821 N.E.2d 269, 276 (Ill. 2004) (citing *Cincinnati Cos. v. West American Ins. Co.*, 701 N.E.2d 499, 502 (Ill. 1998)). In order to recover under a theory of equitable contribution, "the insurer seeking contribution must prove: (1) all facts necessary to the claimant's recovery against the insured; (2) the reasonableness of the amount paid to the insured; and (3) an identity between the policies as to parties and insurable interests and risks." *Schal Bovis, Inc. v. Cas. Ins. Co.*, 732 N.E. 2d 1179, 1186 (Ill. App. Ct. 2000); *Royal Globe Ins. Co. v. Aetna Ins. Co.*, 403 N.E.2d 680, 682 (Ill. App. Ct. 1980).

In its Amended Complaint, Hartford alleges it issued liability insurance policies to "Ted Kocanda DBA Construction in Motion," and that Kaiser is listed as an additional insured on that policy. (Am. Comp. ¶¶ 18, 26.) Hartford further alleges that Kaiser tendered its defense to Hartford, which has paid for Kaiser's fees and expenses incurred in the defense of the Underlying Action. (*Id.* at ¶ 26.) Lastly, Hartford pleads, on information and belief, that Kaiser also tendered its defense in the Underlying Action to Pekin as an additional insured, and that Pekin denied coverage. (*Id.* at 30.) These facts, if assumed to be true, are sufficient to plausibly give rise to claims for contribution and indemnification from Pekin. Hartford's pleadings are sufficient to allow this Court to draw the reasonable inference that Hartford could prove (1) all facts necessary to establish Kaiser's right to recover against Hartford (2) the reasonableness of the amount Hartford has paid to Kaiser or on its behalf, and (3) an identity between Hartford and Pekin's policies with respect to their insurable interests and risks.

Pekin maintains that under Fed. R. Civ. P. 12(b)(6), Hartford fails to state a claim that it is entitled to contribution because the Hartford and Pekin policies do not insure the same entities,

5

interests, or risks. Pekin's argument is premature at this stage in the proceedings. A Rule 12(b)(6) motion tests the sufficiency of the plaintiff's complaint, not the merits of his case. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Here, Pekin asks this Court to analyze both the Hartford and Pekin policies, neither of which were attached to Hartford's complaint, and compare those policies to determine whether they insure the same entities, risks, or interests. While documents central to a claim but not attached to the complaint may be considered in a Rule 12(b)(6) motion, *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002), Pekin invites the Court to go far beyond what is appropriate at this stage in the proceedings, which is to merely determine whether Hartford states a plausible claim upon which relief may be granted. In any case, the Pekin Policy was not attached to either party's briefs on this motion. Therefore, even if the Court endeavored to look beyond the pleadings and consider the exhibits attached to the parties' briefs, it would be unable to perform the type of comparison required here.

The Court also notes that the three cases Pekin primarily relies upon to support its position involved motions for summary judgment, not motions to dismiss. *See Home*, 821 N.E.2d 269; *Cincinnati Ins. Co. v. American Hardware Mfrs. Ass'n*, 898 N.E.2d 216 (Ill. App. Ct. 2008); *Schal Bovis*, 732 N.E. 2d 1179. In those cases, the time was appropriate for the court to delve into the details of each parties' insurance policies and compare whether those policies insured the same risks.

In determining whether a plaintiff in a declaratory judgment action for contribution has sufficiently plead its claim to defeat a 12(b)(6) motion, *Royal Globe Ins. Co. v. Aetna Ins. Co.* is instructive. 403 N.E.2d 680 (Ill. App. Ct. 1980). In that case, Royal Globe brought a declaratory judgment action against Aetna to determine the rights of the parties with respect to concurrent liability insurance policies. *Id.* at 681. Royal Globe alleged the existence of concurrent insurance

6

policies which provided coverage to a realty company for the same claim. *Id.* at 682. It also alleged that it paid the entire loss for which for which, Aetna, the co-insurer, was equally liable. *Id.* The court held that the allegations were "sufficient to establish an actual controversy regarding Royal Globe's right to obtain contribution from Aetna," pointing out that "[i]n order to recovery, of course, Royal Globe [would] have to establish all facts necessary to the claimant's recover against its insured and the reasonableness of the amount paid." *Id.* Having pled that the realty company was listed as an additional insured on Aetna's policy, it was not necessary for Royal Globe to specifically plead that its policy insured against the same risk as Aetna's.

This Court notes two cases where a motion to dismiss was granted based on a lack of identity between insurance policies with respect to the parties, insurable interests, and risks. *U.S. Fidelity and Guar. Co. v. Continental Gas. Co.*, 556 N.E.2d 671, 675 (Ill. App. Ct. 1990); *Pekin Ins. Co. v. Cincinnati Ins. Co.*, 510 N.E.2d 524 (1987). In both cases, it was obvious at the pleading stage that the parties did not insure the same risk. In *Continental Gas*, for example, it was clear that one party was a primary insurer and the other an excess insurer. 556 N.E.2d at 675. The court in that case simply applied the well-settled principle that "[b]y definition, [such] policies do not cover the same risks." *Id.* In *Pekin*, the two policies at issue did not insure the same individuals, leading the Court to quickly conclude that the policies did not insure the same risk. 510 N.E.2d at 526–27. Neither case required the court to embark on the type of in-depth analysis of each party's insurance policy that Pekin argues is appropriate at this time.

Like the plaintiff in *Royal Globe*, Hartford has pled that Kaiser was listed as an additional insured on its own policy as well as Pekin's with respect to Kaiser's work on the Gidwitz Home (Am. Comp. ¶¶ 26, 30), and that it has paid the cost for Kaiser's defense in the Underlying Action

7

thus far. (*Id.* at ¶ 26.) These pleadings, if accepted as true, state claims for contribution and indemnification that are plausible on their face.

## **CONCLUSION AND ORDER**

For the reasons stated above, Pekin's Motion to Dismiss Counts III and IV of Hartford's Amended Complaint is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 29, 2012